Leeper v. Greensfelder et al.

1. *Assignments for the Benefit of Creditors.*—An instrument which,
in terms, assumes to assign certain choses in action, mentioned therein,
to a person, requiring him to convert the same into money, and to apply
the proceeds to certain specified debts, including a debt due to such person, is an assignment for the benefit of creditors.

Memorandum.—Petition to have an instrument declared a voluntary
assignment. Appeal from a decree rendered by the Circuit Court of
Cass County; the Hon. CYRUS EPLER, Circuit Judge, presiding. Heard
in this court at the May term, A. D. 1892, and affirmed. Opinion filed
December 2, 1892.

### Appellant's Statement of the Case.

On March 22, 1892, the appellees filed their petition in the County Court of Cass County, asking that court to take jurisdiction of an alleged assignment for the benefit of creditors, made by William W. Dick to the appellant. The appellant and Dick filed their demurrer to the petition, which the County Court overruled. On an appeal to the Circuit Court, the County Court was affirmed, and the record is brought here by appeal.

*Copy of the instrument in question:*

I hereby assign to A. A. Leeper my books of account and claims evidenced thereby for the following purposes. to wit: to be collected by him or by legal process, if necessary, and the proceeds shall be disposed of as follows:

1st. To pay the expenses and costs of collecting the same.

2d. To pay one note executed by the undersigned to J. E. Allison for the sum of three hundred and twenty-seven dollars and interest thereon.

3d. To pay any deficiency or balance that may be due to Bowman, Haynes & Co., from the undersigned.

4th. To pay any deficiency or balance that may be due to A. J. McDonald, from the undersigned.

5th. To pay A. A. Leeper the sum of four hundred dollars, now due him as fees and expenses for legal services heretofore rendered to the undersigned, and in case this assignment is attacked, or suits brought against the undersigned, to pay the further sum of two hundred dollars for services to be rendered in and about such matters.

6th. Whatever shall remain after these several payments, to be paid to the undersigned.

Dated March 1, 1892.	W. W. Dick.


A. A. Leeper, appellant, *pro se.*


R. W. Mills, and J. N. Gridley, attorneys for the appellees.


### Opinion by the Court.

The sole question in this case is whether the instrument set forth in the petition should, under the facts disclosed by the petition, be regarded as an assignment for the benefit of creditors. The County Court and the Circuit Court each answered the question in the affirmative, and we are disposed to agree with the conclusion thus reached. It is

argued by appellant that the instrument was but a revocable power of attorney, and transferred no title to the property therein described, and this seems to be the ground upon which he relies to set aside the judgment appealed from.

In terms the instrument assumes to assign the choses in action mentioned to the appellant, requiring him to convert the same into money, and to apply the proceeds to the payment of certain specified debts, including that due to the appellant.

Thus the appellant was invested with a trust, which was for the benefit of himself and the other named creditors.

We think the title was transferred, as between the parties to the instrument, and that the assignee not only had power to appropriate the property for the purposes set forth, but the power was irrevocable so far as the assignor was concerned. The petition shows by sufficient averment that by this instrument the maker disposed of all his estate for the benefit of creditors, and in view of the construction placed upon the Assignment Act of 1877 in Farwell v. Cohen, 138 Ill. 216, it would seem that the case is within the act.

The judgment will be affirmed.